UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:22-cr-000063-JMS-MG -01 |
| QUINTEZ TUCKER, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Zachary A. Myers, United States Attorney for

the Southern District of Indiana, and Peter A. Blackett and Jeremy C. Fugate, Assistant United

States Attorneys ("the Government"), and the defendant, Quintez Tucker ("the defendant"), in

person and by counsel, Denise Turner, hereby inform the Court that a Plea Agreement has been

reached in this case pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The following

are its terms and conditions:

### Guilty Plea and Charge(s)

**1.     Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to

enter a plea of guilty to the following offense(s) charged in the Indictment:

     **a.**     Counts 2, 4, 6, 8, 10, 12, 14, and 16 which charge that the

defendant committed the offense of Interference with Commerce by Robbery, in violation

of Title 18, United States Code, Section 1951(a).

     **b.**     Counts 3, 5, 7, and 9 which charge that the defendant committed the

offense of Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of

Title 18, United States Code, Section 924(c)(1)(A)(ii).

**2.** **Dismissal of Counts:** Following imposition of sentence, the government will move to dismiss Counts 1, 11, 13, 15, and 17 of the Indictment.

**3.** **Potential Maximum Penalties**:

    **a.** **Interference with Commerce by Robbery:** This offense is punishable by a maximum sentence of 20 years' imprisonment, up to a $250,000 fine, and three years' supervised release following any term of imprisonment.

    **b.** **Brandishing a Firearm in Furtherance of a Crime of Violence:** This offense is punishable by a sentence of imprisonment of not less than seven years and not more than life imprisonment, up to a $250,000 fine, and five years' supervised release following any term of imprisonment.  The sentences on each of these counts must be imposed consecutively to any other counts.

**4.** **Elements of the Offense:** To sustain the offense(s) to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

**Interference with Commerce by Robbery**

    **a.** The defendant knowingly obtained money or property from or in the presence of employees of Verizon, T-Mobile, and AT&T;

    **b.** The defendant did so by means of robbery;

    **c.** The defendant believed that an employee Verizon, T-Mobile, and AT&T parted with the money or property because of the robbery; and

    **d.** The robbery affected interstate commerce.

**Brandishing a Firearm in Furtherance of a Crime of Violence**

    **a.**    The defendant committed the crime of Interference with Commerce by Robbery as charged in Counts 2, 4, 6, and 8 of the Indictment; and

    **b.**    The defendant knowingly brandished a firearm; and

    **c.**    The defendant's brandishing of the firearm was in furtherance of the robberies charged in Counts 2, 4, 6, and 8 of the Indictment.

### General Provisions

    **5.**    **18 U.S.C. § 3553(a) and Sentencing Guidelines:**  The defendant agrees and understands that should this Court accept this plea agreement, the Court will sentence the defendant to the specific sentence set forth in paragraph 10, below.  The defendant agrees and understands that the Court, in deciding whether to accept or reject the specific sentence set forth in paragraph 10, below, will (A) consider the factors set forth in 18 U.S.C. § 3553(a), and (B) consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.").  The defendant also agrees and understands that the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature, and that the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court.

    **6.**    **Rule 11(c)(1)(C), Fed. R. Crim. P.:**  The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(C) and that the specific sentence set forth in paragraph 10, below, is the appropriate disposition of this cause.  The parties understand that the Court must accept or reject the sentence specified in this Plea Agreement.  If the Court rejects this Plea Agreement, then either party may withdraw from this Plea Agreement.  The defendant acknowledges that pursuant to Fed. R. Crim. P. 11(c)(3), (4) and

3

(5), if the Court rejects the Plea Agreement, the Court will advise the defendant personally in open court that the Court is rejecting the Plea Agreement and the Court will afford both parties the opportunity to then withdraw the Plea Agreement.

**7.     Plea Agreement Based on Information Presently Known:**  The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government.  The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant  bringing other federal charges against the defendant.

**8.     No Protection From Prosecution for Unknown or Subsequent Offenses:**  The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time.   The defendant further acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

**9.     Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial;  (C) to be represented by

4

counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court. The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

### Sentence to be Imposed

**10.     Agreed Upon Sentence Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C):** The parties agree that the following sentence is the appropriate disposition of this cause:

    **a.     Imprisonment:** A total custodial sentence of between 360 months to 432 months imprisonment.  The parties are free to advocate for any sentence within that range.

    **b.     Extent of Rule 11(c)(1)(C) Agreement:**  The provisions set forth in paragraph 10(a), above, are the only provisions of this Plea Agreement subject to the provisions of Fed.R.Crim.P. 11(c)(1)(C).

**11.     Restitution:** The Court shall order restitution to each victim in the full amount of each victim's losses as required by law and determined by the Court.

    **a.**  Verizon- $14,769.00 (Count Two)

    **b.**  AT&T- $10,000.00 (Count Four)

    **c.**  Verizon- $6,260.00 (Count Six)

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

    **d.**  T-Mobile- $1,025.00 (Count Eight)

    **e.**  T-Mobile- $7,200.00 (Count Ten)

    **f.**  T-Mobile- $3400.00 (Count Twelve)

    **g.**  T-Mobile- $22,240.00 (Count Fourteen)

**12.**    **Fine:** The Court shall use its discretion to fashion an appropriate fine in this case.

**13.**    **Additional Provisions:**

    **a.**    **Supervised Release:** Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

    **b.**    **Conditions of Supervised Release:** The parties understand and agree that the Court will determine which standard and special conditions of supervised release to apply in this case. The parties reserve the right to present evidence and arguments concerning these conditions.

    **c.**    **Mandatory Special Assessment:** The defendant will pay a total of $1,200 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

    **d.**    **Obligation to Pay Financial Component of Sentence**: If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release. The defendant has a continuing obligation to pay the

6

financial component of the sentence. The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial disclosures, to the Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court. The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office. If the defendant is ever incarcerated in connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

  **e. Forfeiture:** The defendant admits that the property listed below constitutes contraband, was used to facilitate, or constitutes the fruits of the commission of the offense(s) to which the defendant is pleading guilty, and, therefore, is subject to forfeiture to the United States. The defendant abandons all right, title, and interest the defendant may have in the property listed below so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the defendant's criminal activity, without further notice or obligation whatsoever owing to the defendant. The defendant further agrees not to contest any forfeiture action brought against and consents to the forfeiture of any of the property listed below, whether any such forfeiture action is administrative, judicial, civil, or criminal, and agrees not to contest any use or destruction of any of the property listed below by any federal, state, or local law enforcement agency:

7

      **i.**    One Rifle Mossberg 715T, bearing serial number EMC3686376

      **ii.**   All seized ammunition

      **iii.**  United States currency $411.00

The defendant consents to the entry of orders of forfeiture for such property and waives the requirements of Rules 32.2 and 43(a), Fed. R. Crim. P., regarding notice of the forfeiture in the charging document, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the defendant's guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### Factual Basis for Guilty Plea

**14.**    The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea(s) of guilty to the offense(s) set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial. The following information is only a summary of the government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the government reserves the right to present additional evidence at the time of sentencing.

      **a.**    On November 8, 2021, Quintez Tucker and D'Maurah Bryant robbed the Verizon store located at 11760 Olio Road, Fishers Indiana. Upon entering the store, both

8

Tucker and Bryant brandished firearms and instructed the people inside to get on the
floor. Bryant told the people inside of the store that he would shoot them if they moved.
After identifying a store employee, Bryant took the employee to the back of the store and
demanded the employee open the safe. Once the safe was open, Bryant ordered the
employee to place cell phones into a white plastic bag he and Tucker had brought into the
store. While Bryant was with the store employee at the safe, Tucker remained in the
lobby as a lookout with guns pointed at the people in the store.

      **b.**      After taking the phones, Bryant escorted the employee back to the lobby
and instructed the employee to the open the register. While the employee opened the
register, Bryant held a gun to the employee's face and repeatedly yelled that he would
blow the employee's "head off." After taking the property and money from the store,
Tucker and Bryant fled. This is the basis for Counts Two and Three of the Indictment.

      **c.**      On November 16, 2021, Tucker, Bryant and another individual robbed an
AT&T store located at 4850 Southport Road, Indianapolis, Indiana. Upon entering the
store, Tucker brandished a black AR-style rifle. The robbers then instructed the
customers and employees to get on the ground and handover their cell phones. Bryant
held a customer and gunpoint, while Tucker and the other robber escorted one of the store
employees to the store's inventory room and instructed the employee to open the safe.
The employee opened the safe and the robbers loaded the phones into a bag they brought
into the store. After taking the property from the store, the robbers fled the scene. This is
the basis for Counts Four and Fiveof the Indictment.

      **d.**      On November 23, 2021, Tucker and Bryant robbed the Verizon store
located at 1950 Kessler Blvd, Indianapolis, Indiana. Upon entering the store, Bryant and

Tucker each brandished firearms, pointed them at the store's lone employee, and demanded money. After telling the employee that she was moving too slowly, Bryant took his firearm and hit the employee in the face with it. Tucker and Bryant then took money from the register and walked the employee to the back of the store. Once in the back of the store, Tucker and Bryant took cell phones and cash from the safe before fleeing through the store's back door. This is the basis for Counts Six and Seven of the Indictment.

      **e.**      On November 26, 2021, Tucker and Bryant robbed the T-Mobile store located at 1560 E. 86th Street, Indianapolis, Indiana. Again, both Tucker and Bryant brandished handguns. Upon entering the store, Tucker and Bryant ordered the store employees—and the several customers who were also in the store—to the ground at gunpoint. Tucker took one of the employees to the back inventory room and instructed the employee open the store's safe, while Bryant demanded money from the store's register. While in the back room, Tucker pointed the AR-style rifle he was carrying directly at the store employee's head and demanded money and cell phones. The store employee complied with Tucker's demands and gave him money and phones. Tucker then went back to the front of the store, where he and Bryant took cash from the store's front register before fleeing the scene. This is the basis for Counts Eight and Nine of the Indictment.

      **f.**      On November 29, 2021, Tucker and Bryant robbed the T-Mobile store located at 11725 Fox Road, Indianapolis, Indiana. Upon entering the store, Tucker and Bryant brandished firearms and ordered the victims and employees to the ground. Tucker took one of the employees to the back inventory room where he took phones and cash,

10

while Bryant held the other victims at gun point in the main room of the store. During this robbery, Tucker held the AR-style rifle he was carrying in the face of a two-year-old child. The robbers then fled from the back door of the store T-Mobile store. This is the basis for Count Ten of the Indictment.

      **g.**      On December 1, 2021, Tucker and another male not named in the Indictment, robbed the T-Mobile store located at 115 East Stop 11 Road, Indianapolis, Indiana. During the robbery, Tucker was armed with an AR-style rifle. Upon entering the store, Tucker brandished the rifle, and both robbers instructed the employees to lay on the ground. The unidentified male took one of the employees to the back of the store and demanded money and Apple products, while Tucker demanded the other employee to open the store's three registers. After the employee opened the registers, Tucker took cash from the registers and both robbers fled the scene. This is the basis for Count Twelve of the Indictment.

      **h.**      Later, on December 1, 2021, Tucker and another male not named in the Indictment, entered the T-Mobile store located at 6929 W. 38th Street, Indianapolis, Indiana. Upon entering the store, the male with Tucker brandished the black AR-style rifle mentioned previously and ordered the employees to the floor. The robbers then demanded the employees give them money and merchandise from the store's registers. After taking money from the store's register, the unidentified male escorted one of the store employees to the store's safe where he took the store's merchandise. After taking the merchandise and money, both robbers fled. This is the basis for Count Fourteen of the Indictment.

**i.**     On December 3, 2021, Tucker and D.R. robbed the AT&T store located at 8855 South Emerson Avenue, Indianapolis, Indiana. Law enforcement was conducting physical surveillance on Tucker and others when the robbery occurred.

**j.**     Upon entering the store, both D.R. and Tucker both brandished firearms and ordered the employees inside to open the store's register and safe. When the register and safe were open, Tucker and D.R. took money and merchandise from the store's cash register and safe. During the robbery, Tucker removed the ID from one of the store employee's wallets and told the employee that if he called the police or gave him a tracker, Tucker would go to the employee's home and kill him and his family. After taking the merchandise, the robbers fled from the front door of the business. This is the basis for Count Sixteen of the Indictment.

**k.**     After Tucker and D.R. fled from the area, investigators verified a robbery had occurred. Police officers stopped the vehicle that D.R. and Tucker entered after committing the robbery. Inside of the vehicle, investigators located the merchandise that has been taken from the AT&T store, as well as the AR-style rifle that had been used during the commission of the robbery.

**l.**     On December 3, 2022, investigators conducted a recorded post-*Miranda* interview. During the interview Tucker informed investigators that he committed both robberies on December 1, 2021, and the robbery on December 3, 2021.Tucker was asked about the other robberies in the series but refused to confirm or deny his involvement.

**m.**     Investigators obtained search warrants for Tucker's social media accounts. A search of the account showed Tucker wearing the clothing and shoes he wore during the commission of the above-described robberies. Moreover, investigators obtained

12

videos and photographs of Tucker brandishing the AR-style rifle used during each of the robberies.

     **n.**     Both Fishers and Indianapolis, Indiana are in the Southern District of Indiana.

     **o.**     On the day that each of the businesses listed in Count 2, 4, 6, 8, 10, 12, 14 and 16 of the Indictment were robbed, each business was engaged in commercial activities, in interstate and foreign commerce, and each business was in an industry which affects interstate and foreign commerce.

**Other Conditions**

     **15.**     **Background Information:** The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence. The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

     **16.**     **Good Behavior Requirement:** The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case. If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

     **17.**     **Compliance with Federal and State Laws:** The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

13

## Sentencing Guideline Stipulations

**18.** **Guideline Computations:** Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below. The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case. The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. These stipulations provide the basis for the sentence agreed upon by the parties in paragraph 10, above. The 2023 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

      **a.**     **Count 2 - Interference with Commerce by Robbery**

              **i.**     Base Offense Level: 20 (U.S.S.G. 2B3.1)

              **ii.**    Victim Enhancement: +2 Minor Victim (U.S.S.G. § 3A1.1(b)(1))

              **iii.**   Counts Subtotal: 22

      **b.**     **Counts 4 and 8 - Interference with Commerce by Robbery**

              **i.**     Base Offense Level: 20 (U.S.S.G. 2B3.1)

              **ii.**    Counts Subtotal: 20

      **c.**     **Counts 6 - Interference with Commerce by Robbery**

              **i.**     Base Offense Level: 20 (U.S.S.G. 2B3.1)

              **ii.**    Victim Enhancement: +2 Bodily Injury (U.S.S.G. 2B3.1(b)(3)(A))

              **iii.**   Counts Subtotal: 22

    **d.**    **Count 10, 12, 14, and 16- Interference with Commerce by Robbery**

        **i.**    Base Offense Level: 20

        **ii.**    Enhancement: +5 (U.S.S.G. 2B3.1(b)(2)(C)) (Firearm

            Brandished)

        **iii.**    Count Subtotal: 25

    **e.**    **Multiple Count Adjustment**

        **i.**    Count Two: 1 Unit (U.S.S.G. 3D1.4)

        **ii.**    Count Four: ½ Unit (U.S.S.G. 3D1.4)

        **iii.**    Count Six: 1 Unit (U.S.S.G. 3D1.4)

        **iv.**    Count Eight: ½ Unit (U.S.S.G. 3D1.4)

        **v.**    Count Ten: 1 Unit (U.S.S.G. 3D1.4)

        **vi.**    Count Twelve: 1 Unit (U.S.S.G. 3D1.4)

        **vii.**    Count Fourteen: 1 Unit (U.S.S.G. 3D1.4)

        **viii.**    Count Sixteen: 1 Unit (U.S.S.G. 3D1.4)

            **i.**    Total Units: 6

        **ix.**    Pursuant to U.S.S.G. 3D1.4, **5** levels are added to the Count

            with the highest offense level.

        **x.**    Multiple Counts Subtotal: **30**

    **f.**    **Counts 3, 5, 7, 9- Brandishing a Firearm in Furtherance of a Crime of Violence**

        **i.**    The guideline sentence is the term of imprisonment

            required by statute, which is a term of imprisonment of not

            less than 7 years, which each count shall run consecutive to

any sentence of imprisonment on the Interference with

Commerce by Robbery Charges.  (U.S.S.G. 2K2.4(b))

**19.    Acceptance of Responsibility:**  To date, the defendant has demonstrated a

recognition and affirmative acceptance of personal responsibility for the defendant's criminal

conduct.  Based upon the defendant's willingness to accept a Plea Agreement and enter a plea of

guilty to the criminal conduct noted in this agreement, the Government agrees that the defendant

should receive a two (2) level reduction *provided* the defendant  satisfies the criteria set forth in

Guideline § 3E1.1(a) up to and including the time of sentencing.  The defendant timely notified

the Government of defendant's intention to enter a plea of guilty, thereby permitting the

Government and the Court to allocate their resources efficiently.  After the Defendant enters a

plea of guilty, the government intends to file a motion pursuant to U.S.S.G. § 3E1.1(b)

requesting that the Court decrease the offense level by one (1) additional level.  The parties

reserve the right to present evidence and arguments concerning the defendant's acceptance of

responsibility at the time of sentencing.

      **a.     Final Offense Level:**  27

### Waiver of Right to Appeal

**20.    Direct Appeal:**  The defendant understands that the defendant has a statutory

right to appeal the conviction and sentence imposed and the manner in which the sentence was

determined.  Acknowledging this right, and in exchange for the concessions made by the

Government in this Plea Agreement, if the Court accepts this Plea Agreement and sentences the

defendant in accordance with the Plea Agreement, the defendant expressly waives the

defendant's right to appeal the conviction and sentence imposed in this case on any ground,

including the right to appeal conferred by 18 U.S.C. § 3742.  The defendant further expressly

16

waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

     **21.**    **Later Legal Challenges:** Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, except as follows:

     **a.**    **Ineffective Assistance of Counsel:** As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

     **b.**    **Retroactive Sentencing Guidelines Reductions:** As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment. However, if the defendant files such a motion, the Government may oppose the motion on any other grounds. Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

**c.      Motions for Compassionate Release:**  As concerns this Section 3582

waiver, the defendant reserves the right to file motions seeking a "compassionate release"

sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on "extraordinary and

compelling reasons" set forth in U.S.S.G. § 1B1.13.  The government reserves the right to

oppose any motion for compassionate release on any grounds.

**22.      No Appeal of Supervised Release Term and Conditions:**  The defendant

waives the right to appeal the length and conditions of the period of supervised release.

<h3 align="center">Presentence Investigation Report</h3>

**23.**      The defendant requests and consents to the commencement of a presentence

investigation by probation officers of the United States District Court for purposes of preparing a

Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**24.**      The defendant further requests and consents to the review of the defendant's

Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the

government at any time, including prior to entry of a formal plea of guilty.

<h3 align="center">Statement of the Defendant</h3>

**25.**      By signing this document, the defendant acknowledges the following:

**a.**      I have received a copy of the Indictment and have read and discussed it

with my attorney.  I believe and feel that I understand every accusation made against me

in this case.  I wish the Court to omit and consider as waived by me all readings of the

Indictment/Information in open Court, and all further proceedings including my

arraignment.

18

**b.** I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment, and believe and feel that my attorney is fully informed as to all such matters. My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

**c.** I have read the entire Plea Agreement and discussed it with my attorney.

**d.** I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

**e.** Except for the provisions of the Plea Agreement, no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty". I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial. I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to make a statement on my behalf and to present any information in mitigation of punishment.

**f.** I am fully satisfied with my attorney's representation during all phases of this case. My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

**g.** I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

19

**h.**     I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

**i.**     I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

**j.**     My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

**k.**     My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a two level increase in the offense level.

**l.**     If this cause is currently set for trial on the Court's calendar, I request that this date be continued to permit the Court to consider this proposed guilty plea agreement. I further understand that any delay resulting from the Court's consideration of this proposed guilty plea agreement, up to and including the date on which the Court either accepts or rejects my guilty plea, will be excluded in computing the time within

which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Certificate of Counsel

**26.**     By signing this document, the defendant's attorney and counselor certifies as follows:

    **a.**     I have read and fully explained to the defendant all the accusations against the defendant which are set forth in the Indictment in this case;

    **b.**     To the best of my knowledge and belief each statement set forth in the foregoing petition to enter plea of guilty and plea agreement is in all respects accurate and true;

    **c.**     The plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement accords with my understanding of the facts as related to me by the defendant and is consistent with my advice to the defendant;

    **d.**     In my opinion, the defendant's waiver of all reading of the Indictment in open court, and in all further proceedings, including arraignment as provided in Rule 10, Fed.R.Crim.P., is voluntarily and understandingly made; and I recommend to the Court that the waiver be accepted by the Court;

    **e.**     In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and plea agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and plea agreement.

21

## Final Provision

**27.    Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

_____                    _____
DATE                                  Peter A. Blackett
                                      Assistant United States Attorney


_____                    _____
DATE                                  Michelle P. Brady
                                      Chief, Violent Crime Unit


_____                    _____
DATE                                  Quintez Tucker
                                      Defendant


_____                    _____
DATE                                  Denise Turner
                                      Counsel for Defendant

### Final Provision

27.    **Complete Agreement:** The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty. This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the plea agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

4/15/24
DATE

Peter A. Blackett
Assistant United States Attorney

4/15/2024
DATE

Michelle P. Brady
Chief, Violent Crime Unit

4-14-24
DATE

Quintez Tucker
Defendant

4-14-24
DATE

Denise Turner
Counsel for Defendant

22