UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:22-cr-00063-JMS-MG-3 |
| | ) |
| Robdarius Williams, | ) |
| | ) |
| Defendant. | ) |

**Robdarius Williams Sentencing Memorandum**

**Introduction and Background:** Robdarius Williams grew up in Mississippi and moved to Indiana during his high school years. Being a new student at Warren Central in 2019 and then immediately moving to remote learning due to Covid in early 2020 did not help Robdarius make good connections. He went from being a tennis star at his high school to falling behind, dropping out of school, and meeting people who taught him how to cut corners and make money to the detriment of others.

Several mitigators should be noted under both the United States Sentencing Guidelines as well as 18 USC 3553(a) which justify a significant downward departure and/or variance.

*Age (USSG § 5H1.1 & 18 USC 3553(a)(1)):* He is 21 years old. His youthful age and lack of maturity has been evident in the offense.

*Education and Vocational Skills (USSG § 5H1.2 & 18 USC 3553(a)(2)(D)):*

Robdarius fell behind during Covid after completing his junior year at Warren Central High School. He has applied for the GED program at Grayson Detention Facility. (PSIR ¶ 50). Eventually he would like to go back to school once his GED is done. Prior to moving he got good grades – C's, B's, and some A's.

*Mental and Emotional Condition (USSG § 5H1.3 & 18 USC 3553(a)(1))*:

Robdarius reports that he was diagnosed bi-polar as a kid. He hasn't had help recently. He also suffers from depression and anxiety. (PSIR ¶ 48). He is willing to engage in counseling.

*Employment Record (USSG § 5H1.5 & 18 USC 3553(a)(1)):* Prior to trial Robdarius was working at Hippo Hauling making approximately $200 per day. (PSIR ¶ 51). Before that, he worked at Burger King and also at Shein Warehouse and King Ribs concurrently with Burger King. (PSIR ¶ 51). Robdarius understands the importance of working to provide for himself and his family.

McDonalds was where he worked prior to being arrested and also where he met the co-defendants.

*Family Ties and Responsibilities (USSG § 5H1.6 & 18 USC 3553(a)(1))*:

Robdarius has been in a relationship with Donghia Hampton for about two years. The couple has one child together, Dramaine, and they are expecting another in December 2024. Robdarius was supporting their family at the time of the instant offense and while

he was out on supervised release. He also helps take care of Donghia's child from her previous relationship. (PSIR 43).

Robdarius also has a close relationship with his mother. They speak daily and she says that he is her best friend. (PSIR ¶ 38). He is also close with his half-brother Davion who still goes to school and lives with their mother. (PSIR ¶ 39).

***Charitable Service/Good Works (USSG § 5H1.11 & 18 USC 3553(a)(1)):*** Williams served as a caregiver for his mother and provided financial support for his grandfather.

***Lack of Youthful Guidance (18 USC 3553(a)(1) & USSG § 5K2.0):*** Robdarius's father Robert abandoned him in his youth. He would occasionally "run into" him in their hometown. (PSIR ¶ 40). They all lived in Greenwood, Mississippi but Robert stopped all contact with Robdarius when he was 13 years old. (PSIR ¶ 38).

When Robdarius moved from Mississippi to Indiana while in high school, he had trouble making friends which was compounded by the Covid pandemic and the shift to remote learning. (PSIR ¶ 41).

***Defendant's Character (18 USC 3553(a)(1):*** Robdarius has letters of support from his mother, half-brother, and a member of his community.

Michelle Roberts owns a business in Irvington. Robdarius sought spiritual guidance within the past year at her business. "He has always listened and maintained a

great outlook on his self-improvement and life choices." She also wrote that he would help at her store if she needed it. (Exhibit 3 – Michelle Roberts Letter of Support).

Robdarius's half-brother Davion wrote a very loving letter about his big brother. "He told me to make sure I finish high school, go to college and get a job to support my future family." He also says that Robdarius takes good care of his son and Donghia's other daughter, and that Robdarius has helped out him and their mom too financially. (Exhibit 2 – Davian Marshall Letter of Support).

Robdarius's mother also is clearly very devoted to her son. She describes him as "encouraging and gives [her] the strength to keep passing through the pain". (Exhibit 1 – Lulu Marshall Letter of Support). Her mother passed away shortly after Robdarius's arrest and his grandmother's death left his mother grief stricken.

***Community Ties (18 USC § 3553(a)(1)):*** While Robdarius was in school he was involved in high school sports including tennis, football, cross country, and track. (PSIR ¶ 41). He reportedly assisted in helping the homeless and is a member of Mosque 74 of the Nation of Islam. He attended services three times a week.

Williams was always involved in sports prior to his move to Indianapolis. He was captain and MVP of his football team. He went to the State Championship in tennis twice and was undefeated for much of that period.

***Non-Violent Offender (18 USC § 3553(a)(1)):*** Robdarius says he's a non-violent person. He does not have a violent criminal history.

***Physical Health:*** Robdarius was stabbed twice in his back and once in his elbow in 2023.

***To afford adequate deterrence (18 USC § 3553(1)(2)(B):*** "Sending an individual convicted of a crime to prison isn't a very effective way to deter crime." The Department of Justice's National Institute of Justice website provides the following compelling assertion that prison sentences do not necessarily work and are actually counterproductive:

> \* \* \*
>
> 2. Sending an individual convicted of a crime to prison isn't a very effective way to deter crime. Prisons are good for punishing criminals and keeping them off the street, but prison sentences (particularly long sentences) are unlikely to deter future crime. Prisons actually may have the opposite effect: Inmates learn more effective crime strategies from each other, and time spent in prison may desensitize many to the threat of future imprisonment. See *Understanding the Relationship Between Sentencing and Deterrence* for additional discussion on prison as an ineffective deterrent.
>
> \* \* \*
>
> 4. Increasing the severity of punishment does little to deter crime. Laws and policies designed to deter crime by focusing mainly on increasing the severity of punishment are ineffective partly because criminals know little about the sanctions for specific crimes. More severe punishments do not "chasten" individuals convicted of crimes, and prisons may exacerbate recidivism.
>
> \* \* \*
>
> See Understanding the Relationship Between Sentencing and Deterrence for additional discussion on prison as an ineffective deterrent. https://nij.ojp.gov/topics/articles/five-things-about-deterrence.

***Conduct on pretrial release:*** Williams was compliant on pretrial release which included electronic monitoring.

***Drug and/or Alcohol Abuse Contributed to the Offense:*** He quit pills and other drugs before his arrest. He was smoking marijuana to excess daily prior to his arrest. (PSIR ¶ 49).  He never drank before his arrest.  His uncle was an alcoholic and Williams was exposed to alcohol and drug abuse at an early age. (PSIR ¶ 42).

        Respectfully submitted:

        */s/ James A. Edgar*
        James A. Edgar, Attorney # 18619-49
        J. Edgar Law Offices, P.C.
        1512 North Delaware Street
        Indianapolis, IN 46202
        (o) (317) 472-4000
        (c) (317) 679-7900
        jedgarlawyer@gmail.com

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing document was served on all parties by personal service or electronic filing on September 11, 2024:

        */s/ James A. Edgar*
        James A. Edgar