UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
AT INDIANAPOLIS

QUINTEZ TUCKER,                )
                               )
        Movant,                )   USDC Case No. 1:25-cv-____
                               )
    v.                         )
                               )   USDC Case No. 1:22-cr-63
UNITED STATES OF AMERICA,      )
                               )   Hon. Jane E. Magnus-Stinson
        Respondent.            )   United States District Judge

FILED
06/10/2025
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

### *PRO SE* MEMORANDUM OF LAW IN SUPPORT OF MOTION TO VACATE, SET ASIDE OR CORRECT A FEDERAL SENTENCE OR CONVICTION PURSUANT TO 28 U.S.C. §2255

[Return Date to be Fixed by the Court]

COMES NOW QUINTEZ TUCKER, Movant *pro se*, in the above styled and numbered cause, and respectfully submits this Memorandum of Law in support of the Motion to Vacate pursuant to 28 U.S.C. §2255, and would show the Court the following facts, circumstances, and points of law:

## I. Introduction

Mr. Tucker asks this Honorable Court to vacate his convictions and sentence on the basis that his guilty plea was the result of the ineffective assistance of his former counsel. Specifically, Mr. Tucker's plea was unknowing, unintelligent, and involuntary based on counsel's ineffective assistance in failing to ensure that Mr. Tucker was competent to enter a plea and understood both the charges to which he was pleading and the sentencing consequences of so doing. But for these deficiencies, Mr. Tucker would not have accepted the plea offer. The convictions and sentence resulting from the plea should be vacated and Mr. Tucker returned to the pre-plea stage of proceedings in the criminal case.

## II. Jurisdiction

Pursuant to 28 U.S.C. §2255, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or is otherwise subject to collateral attack, may move the court which imposed sentence to vacate, set aside, or correct sentence." Mr. Tucker so moves this Court on grounds that his sentence was imposed and his convictions obtained as a result of proceedings wherein he was denied the effective assistance of counsel.

## III. Review Standards

A motion for relief under §2255 follows the procedures established by the "Rules Governing Section 2255 Cases in the United States District Courts" ("Rules"). The text of §2255 states that "[u]nless the motion and the files and records of the case **conclusively** show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[1] Similarly, the Rules dictate that, upon initial consideration by the assigned District Judge, a §2255 motion should be dismissed only "if it **plainly** appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."[2] In all other cases, "the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take action the judge may order."[3] The Rules authorize, where appropriate

---

[1] *28 U.S.C. §2255* (emphasis added).

[2] *Rule 4(b)* (emphasis added).

[3] *Id.*

4

and by order of the Court, discovery proceedings, an expansion of the record, and an evidentiary hearing.

Subsequent to the "Preliminary Review" stage set out in Rule 4, the ultimate legal standard for motions brought pursuant to §2255 is prescribed by statute:

> If the court finds that . . . the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant him a new trial or correct the sentence as may appear appropriate.[4]

---

[4] 28 U.S.C. §2255.

## IV. Grounds for Relief

A. **Ground One:**
   **Mr. Tucker's Plea was not Knowingly, Intelligently and Voluntarily Entered as a Result of Ineffective Assistance of Counsel.**

   [1]. **The Applicable Standard.**

In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court held that the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to cases involving guilty pleas. To prevail on a claim of ineffective assistance of counsel, Mr. Tucker must show that his counsel's actions fell below an objective standard of reasonableness and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Bethel v. United States*, 458 F.3d 711, 716–17 (7th Cir. 2006). In the context of this claim, the prejudice showing requires that Mr. Tucker "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hill*, 474 U.S. at 59 (1985). The Supreme Court recently clarified that this requirement

is not contingent on the defendant having a reasonable defense, or any objective likelihood of acquittal, because the error which is being remedied is the "denial of the entire judicial proceeding . . . to which he had a right." *Lee v. United States,* 137 S.Ct. 1958, 1965 (2017).

### [2]. Deficient Performance.

Counsel was deficient for failing to seek a competency evaluation for Mr. Tucker, a youth who suffers from severe mental health issues and a traumatic brain injury.[5] Instead, former counsel pressured Mr. Tucker, who was not even 21 years old at the time of his change of plea hearing, into accepting a plea offer which called for his imprisonment for between 30 and 36 years' (and which waived his right to appeal any sentence within that range). Counsel was also constitutionally deficient for failing to ensure that Mr. Tucker understood the charges to which he was pleading guilty and the

---

[5] See Exhibit ("EX") #1, Declaration of Quintez Tucker in Support of Motion to Vacate, Set Aside or Correct a Federal Sentence or Conviction Pursuant to 28 U.S.C. §2255, ¶3 [ attached to the contemporaneously submitted Motion to Expand the Record].

sentencing consequences of this course of action.[6]

The Sixth Amendment requires that the defendant's attorney supply her client with the requisite notice in order to ensure that the ensuing plea is knowing and voluntary. *See Hill v. Lockhart*, 474 U.S. at 62, 106 S.Ct. 366 (White, J., concurring) ("The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the *Strickland* analysis ..., as such an omission cannot be said to fall within 'the wide range of professionally competent assistance' demanded by the Sixth Amendment.") (quoting *Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. 2052).

Counsel was also constitutionally deficient for failing to seek to withdraw Mr. Tucker's plea when he stated he wished to proceed to trial.[7] Counsel corruptly misadvising Mr. Tucker that he could not withdraw his plea constitutes deficient performance in two ways.[8] First, because it overbore Tucker's decision on a question reserved for the defendant, whether to plead

---

[6]   *See EX #1, ¶4.*

[7]   *See EX #1, ¶6.*

[8]   *See EX #1, ¶7.*

8

guilty or proceed to trial. Second, because it placed counsel's interests in stark conflict with her client's – based on deficient performance of former counsel in connection with the plea, which competent counsel would have included in the motion to withdraw. Obviously, counsel would prefer not to draw attention to her poor performance at the pre-plea and plea negotiation stages. It is equally obvious that Mr Tucker's interest would be in presenting the strongest possible motion to withdraw his plea. Courts have recognized that a conflict of interest may arise in this context.[9]

[3].  **Prejudice**.

Absent counsel's misadvice, there is a reasonable probability that Mr. Tucker would have persisted in his plea of not guilty. This is true because he only pleaded guilty due to counsel's preference and because Mr. Tucker did not understand the charges he faced or the sentencing consequences of the plea offer. Once Mr. Tucker considered the fundamental unfairness of those charges and the sentence he was being forced to accept, he asked his former

---

[9] See, e.g., United States v. Colon-Torres, 382 F.3d 76, 89 (1st Cir. 2004); Guzman v. Sabourin, 124 F.Supp.2d 828, 834-35 (S.D.N.Y. 2000).

counsel to withdraw his plea.[10] If counsel has performed adequately and withdrawn Mr. Tucker's plea, he would have proceeded to trial.[11]

Additionally, it should be noted that while in the usual case the Rule 11 colloquy presents a substantial impediment to claims of this type, in this case, Mr. Tucker's former counsel corruptly and unethically subverted the purpose of that hearing, by coaching her client into answering in a manner that obscured Mr. Tucker's lack of understanding of the charges and the sentencing consequence of the plea she preferred he enter. *See, e.g., Unger v. Cohen*, 718 F. Supp. 185 (S.D.N.Y. 1989) (a plea resulting from counsel instructing his client to plead to whatever the judge says cannot be knowing, intelligent or voluntary). Further, Mr. Tucker's youth, mental health issues, and traumatic brain injury, also weaken the usual firm assurance that a Rule 11 colloquy should reveal any improper inducements, promises, coercions or misunderstandings.

---

[10]   See EX #1, ¶6.

[11]   See EX #1, ¶7.

[4].   **Persuasive Precedent Indicates That Mr. Tucker's Plea was not Knowing, Intelligent, or Voluntary Due to Counsel's Acts and Omissions.**

Courts considering this type of deficient performance have uniformly held that counsel must provide advice on the relevant facts and law such that the defendant is permitted to make an informed and conscious choice to pled guilty. *See, United States v. Cavitt*, 550 F.3d 430 (5th Cir. 2008); *Herring v. Estelle*, 491 F.2d 125 (5th Cir. 1974); *Cooks v. United States*, 461 F.2d 530 (5th Cir. 1972); *United States v. Streater*, 70 F.3d 1314 (D.C. Cir. 1995). Absent advice consistent with, and supported by such understanding of the relevant facts and law, a defendant's plea cannot be knowing, intelligent, or voluntary, and must be reversed on collateral review. *Id.*

In *United States v. Cavitt*, 550 F.3d 430 (5th Cir. 2008) the Fifth Circuit interpreted the holding of *Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974) that "it is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly," as requiring the lawyer to:

> [A]ctually and substantially assist his [or her] client in deciding whether to plead guilty. It is his [or her] job

11

to provide the accused an understanding of the law in relation to the facts. The advice [s/]he gives need not be perfect, but it must be reasonably competent. His [or her] advice should permit the accused to make an informed and conscious choice. In other words, if the quality of counsel's service falls below a certain minimum level, the client's guilty plea cannot be knowing and voluntary because it will not represent an informed choice. And a lawyer who is not familiar with the facts and law relevant to his [or her] client's case cannot meet that required minimal level.

*Cavitt*, 550 F.3d at 440-41 (quoting *Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974)).

In *Herring v. Estelle*, 491 F.2d 125 (5th Cir. 1974), petitioner's counsel failed to advise him that his taking of keys for escape could not be construed as robbery and petitioner plea bargained for a 25 year sentence on robbery rather than the maximum 7 year sentence for aggravated assault and escape he could have had. Petitioner challenged the district court's denial of his *habeas corpus* petition and asserted that he unknowingly and involuntarily pleaded guilty because his appointed attorney was too poorly prepared to provide effective assistance. The court vacated the judgment of conviction and ordered the district court to issue the writ discharging petitioner subject to the

12

state's right to retry petitioner. The court held that because petitioner left the keys in the jail door, a strong argument could be made that he conclusively demonstrated his intent not to keep them permanently. Without such an intent, his actions could not constitute robbery. The court held that reasonably effective counsel either would have advised petitioner to plead not guilty or would have explained to him the Texas law of robbery, and by his failure to do so, counsel made certain that his client's plea could not be knowingly and voluntarily entered.

In *Cooks v. United States*, 461 F.2d 530 (5th Cir. 1972), the defendant, a virtual illiterate, was charged by indictment with six counts of transporting forged securities in interstate commerce based on a single crossing of a state line. One crossing could only support one count under 18 U.S.C. §2314, but counsel did not know this, and advised the defendant to accept a plea agreement and plead guilty to one count rather than face six charges -- and risk six penalties -- at trial. In reversing the order that denied defendant's §2255 motion to vacate, the court had no trouble discerning ineffective

assistance. The court held that counsel's failure to grasp 10 year old law made a farce and a mockery of justice. It rendered the defendant's plea involuntary, by deluding the defendant into thinking he was minimizing his risk. The error was clearly prejudicial, as it enticed the defendant to give the government something for nothing.

In *United States v. Streater*, 70 F.3d 1314 (D.C. Cir. 1995), the defendant appealed the denial of his §2255 motion to withdraw his guilty plea on the basis of counsel's objectively inaccurate legal advice. Specifically, counsel advised the defendant that he was required to admit knowledge of drugs found in his car in order to establish standing to move to suppress them. Based on this erroneous premise, counsel appeared to have concluded that defendant's motion to suppress the drugs precluded his from presenting a "no knowledge" defense at trial. The Court found counsel to be constitutionally ineffective because such erroneous legal advice on a critical point could not be excused as a strategic or tactical judgment, but could have only sprung from a misunderstanding of law. *Id. at 1321*.

The unifying concept animating relief in each of these cases – that counsel's failure to provide the defendant with an appropriate understanding of the relevant law, constituted ineffective assistance and rendered the plea unknowing, unintelligent and involuntary – is present in counsel's representation of Mr. Tucker.

This Honorable Court should feel confident that Mr. Tucker has met the *Hill v. Lockhart* standard, in that counsel's performance was deficient, *see* §IV.A.2, *supra,* and that absent such deficiencies, Mr. Tucker would not have pleaded guilty, *see,* §IV.A.3, *supra.* Furthermore, persuasive precedent provided herein, strongly support Mr. Tucker's entitlement to relief.

## V. Prayer for Relief

Mr. Tucker was deprived of rights guaranteed by the Fifth and Sixth Amendments to the United States Constitution in connection with his plea in this case. Mr. Tucker seeks to vindicate those rights in this Court. Mr. Tucker has established entitlement to, and respectfully requests that this Court: (1) order an evidentiary hearing to resolve material questions of fact related to counsels' ineffective assistance, whether Mr. Tucker's plea was knowing, voluntary or intelligent, and whether Mr. Tucker should receive a mental health evaluation or competency assessment; or, in the alternative (2) vacate Mr. Tucker's convictions and sentences on all counts, and allow him to withdraw his plea.

Respectfully submitted this 2 day of June, 2025.

/s/ Quintez Tucker

Mr. Quintez Tucker, *Pro Se*
Register # 98075-509
FCI Greenville
P.O. Box 5000
Greenville, IL 62246

## VI. Verification

I, Quintez Tucker, verify under penalty of perjury, pursuant to 28 U.S.C. §1746 that the foregoing is true and correct. Executed this 2nd day of June, 2025.

*[signature: Quintez Tucker]*

Mr. Quintez Tucker, *Pro Se*
Register # 98075-509
FCI Greenville
P.O. Box 5000
Greenville, IL 62246

Qwonzer Tucker
#48075-509
FCI Greenville
P.O. Box 5000
Greenville, IL 62346

(Legal Mail)

U.S. District Court, Clerks Office
Room 105, 46 east Ohio Street
Indianapolis, IN 46204

FILED
JUN 10 2025
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

